IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GIAH JACQUELINE DeFRANCO LEININGER, | : <br> : No. 09-cv-289 <br> : |
| Plaintiff, | : <br> : <br> : Judge John E. Jones III |
| v. | : <br> : (Magistrate Judge Blewitt) |
| THE TWOTON, INC., et al., | : <br> : |
| Defendants. | : |

## MEMORANDUM

May 14, 2009

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Rec. Doc. 7) which recommends that the Plaintiff's Motion to Proceed *In Forma Pauperis* (Rec. Doc. 2) be denied and that the instant case be dismissed without prejudice for failure to prosecute. No objections to the R&R have been filed by any party.[1] For the reasons set forth below, the Court will adopt the R&R.

I. **STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report

---

[1] Objections were due by April 27, 2009. To this date, none have been filed.

before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. BACKGROUND

Plaintiff Giah Jacqueline DeFranco Leininger ("Plaintiff" or "Leininger") filed a *pro se* Complaint alleging violations of Title VII of the Civil Rights Act of 1964, claiming that her former employer, a Burger King franchise in Chambersburg, Pennsylvania, discriminated against her based on her Jewish religion by requiring her to work on the Sabbath. On February 13, 2009, Leininger filed a Motion to Proceed *In Forma Pauperis* (the "Motion") (Rec. Doc. 2). On March 3, 2009, Magistrate Judge Blewitt entered an Order directing Leininger to,

inter alia, file a financial disclosure in connection with her the Motion, and to file an amended Complaint identifying the claims asserted, the Defendants implicated, and the precise actions undergirding each claim. The Order also warned Plaintiff that failure to comply with its dictates would result in dismissal of her case. To this day, Leinginer has yet to file any of the documents referenced in that Order. Through a well-reasoned R&R dated April 7, 2009, Magistrate Judge Blewitt recommended that we deny the Motion and dismiss the case without prejudice for failure to prosecute.

As we have already mentioned, neither Defendants nor the Plaintiff have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case sub judice. An appropriate Order will enter.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GIAH JACQUELINE DeFRANCO LEININGER, | : | CIVIL ACTION NO. **1:CV-09-0289** |
| | : | (Judge Jones) |
| Plaintiff | : | |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| THE TWOTON INCORPORATED, et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On February 13, 2009, Plaintiff Giah Jacqueline DeFranco Leininger filed this action, *pro se*, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a), *et seq.*, seemingly for discrimination by "Burger King stores in Chambersburg, Pennsylvania" based on her religion. (Doc. 1). Plaintiff seems to claim that Burger King discriminated against her based on her Jewish religion and its requirement that she not work on the Sabbath. The named Defendants are The Twoton Incorporated, Franchise Burger King, and Yvonne Easton, Management. (*Id.*). Included with Plaintiff's Complaint, filed separately, were numerous exhibits.[1]

---

[1] Plaintiff's exhibits include documents regarding two complaints she filed with the EEOC (a recent one and one in 2005), including the February 11, 2009 EEOC dismissal of Plaintiff's latest charge of discrimination against Burger King. Plaintiff's exhibits also include her complaints to the Pennsylvania Attorney General's Office, Civil Rights Enforcement Section, and to the FBI. Plaintiff's exhibits do not appear to add any significant clarity to her allegations contained in her present Complaint. In fact, Plaintiff's exhibits include her complaint to the Pennsylvania Attorney General's Office, Civil Rights Enforcement Section, about a Chambersburg police officer (Mike Taylor) which appears to have nothing to do with her instant Complaint alleging religious discrimination against her by Burger King. (Doc. 5). Further, Plaintiff's exhibits include an unrelated EEOC Charge against Hardee's Restaurant. (*Id.*).

(Docs. 4 and 5).

Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2).

Specifically, in her Complaint, Plaintiff alleged, in part, as follows:

> To disapprove due to one employee make be keeping religious activities where one will not work on the weekends such Friday evenings, and on Saturday's. Upon the Sabbath - Sabbat . . . this is discrimination within the establishment of the workplace.
>
> Should management not keep good practices please note for management to terminate any employee and they the parties of management not to obey the rules and then to fire one for their work performance what is their reason to set one person apart to have the person terminated . . . discrimination . . . these are my arguments.

(Doc. 1, p. 3).

Plaintiff's original Complaint was given preliminarily consideration to the pursuant to 28 U.S.C. §1915 (e)(2)(B). The Court is obligated to engage in a screening process when a person wishes to proceed *in forma pauperis*. Despite the fact that Plaintiff is not an inmate, §1915(e)(2)(B) applies to all *in forma pauperis* complaints, and not just to prisoners. *See Grayson v. Mayview State Hosp.*, 293 F3d 103, 110, n. 10 (3d Cir. 2002); *Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000); *Williams v. Marino*, Civil No. 03-0632, M.D. Pa. January 12, 2004, Memorandum and Order, p. 4; *Levine v. PA State Police*, 2007 WL 3033951, *1 (M.D. Pa.) ("Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court is required to screen complaints that are filed by an individual who is proceeding *in forma pauperis*.").

On March 3, 2009, the undersigned issued the following Order:

1. Plaintiff shall file an Amended Complaint and a supplement to her Motion to Proceed *in forma pauperis* within twenty (20) days of the date of this Order.

2

   2. Plaintiff is directed to include in her supplement to her Motion to Proceed *in forma pauperis* (1) the money Plaintiff received from any source over the past twelve months; (2) Plaintiff's and her husband's actual earnings for the years 2007 and 2008; and (3) the amount of the mortgage balance on Plaintiff's house worth $80,000.

   3. Plaintiff is also directed to file her Amended Complaint in accordance with the Federal Rules of Civil Procedure as stated in this Order.

   4. **Failure of Plaintiff to abide by this Order will result in a recommendation of the dismissal of this action.**

(Doc. 6)(emphasis added).

The time period within which Plaintiff was required to have filed her Amended Complaint and her supplement to her Motion to Proceed *in forma pauperis* expired. Plaintiff failed to file her Amended Complaint and her supplement to her Motion to Proceed *in forma pauperis*, and she has not requested more time to do so. In fact, Plaintiff has not filed any document with the Court since February 27, 2009, when she submitted her second set of exhibits, as noted above. (Doc. 5).[2]

## II. Discussion.

In *Clair v. Augusta Aerospace Corp.*, 2009 WL 37616, * 2 (E.D. Pa.), the Court stated:

> Title VII protects employees from discrimination by their employers on the basis of race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2. To prevail on a discrimination claim based on indirect evidence, an employee may rely upon the familiar three-step burden shifting analysis under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). First, a plaintiff must establish a prima facie case for discrimination. *Id.* at 802, 93 S.Ct. 1817. That is, a plaintiff must demonstrate 1) that she is a member of a protected class; 2) that she was qualified for the position in question; 3) that she was discharged; and 4) that she was terminated "'under circumstances that give rise to an inference of unlawful discrimination.'"

---

[2] The undersigned was assigned this case for pre-trial matters.

> *Caldron v. SL Indus. Inc.*, 56 F.3d 491, 494 (3d Cir. 1995) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). The Third Circuit has adopted a flexible view of this test, rejecting the requirement that a plaintiff compare herself to a similarly situated individual from outside her protected class to raise an inference of unlawful discrimination. *See Sarullo v. United States Postal Serv.*, 352 F.3d 789, 798 n. 7 (3d Cir. 2003). Importantly, however, a plaintiff "must establish some causal nexus between his membership in a protected class" and the adverse employment decision complained of. *Id.*
> (Footnote omitted).

See also *Witmer v. Arthur J. Gallagher & Co., et al.*, Civil No. 08-1329, M.D. Pa., March 31, 2009 Memorandum and Order (Kane, C.J.).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), in proceedings *in forma pauperis*, a court shall dismiss a claim if it determines that the claim "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See Levine, supra. Pro se* litigants, such as Plaintiff, are accorded substantial deference in federal court. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Hughes v. Rowe*, 449 U.S. 5 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure.

Federal Rules of Civil Procedure 8(a)(2) requires that, in order to state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1959 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, "[a] party must state its claims . . . in numbered paragraphs, each limited to a single set of circumstances" and, "if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . "

4

Fed.R.Civ.P. 10(b).

Plaintiff's two-page Complaint clearly did not meet the requirements of the Federal Rules of Civil Procedure. Plaintiff's Complaint did not have numbered paragraphs and separate statements as required by Fed.R.Civ.P. 10(b). Further, there were no allegations against individual defendants. Therefore, Defendants would not be on notice of any claims against them, and they would not be able to properly respond to Plaintiff's Complaint. A Title VII discrimination claim requires more information than Plaintiff provided in her Complaint, including the nature and dates of the alleged adverse conduct. Additionally, conclusory allegations of discrimination are not sufficient to put Defendants on notice of the claims against them. See *Hidalgo v. Pa. Dept. of Public Welfare*, Civil No. 08-1847, M.D. Pa. (10-8-08 Order).

Moreover, Plaintiff's *in forma pauperis* Motion was deficient. As we stated in our March 3, 2009 Order, for the Court to decide Plaintiff's *in forma pauperis* Motion, Plaintiff must provide the following information: (1) the money Plaintiff received from any source over the past twelve months; (2) Plaintiff's and her husband's actual earnings for the years 2007 and 2008; and (3) the amount of the mortgage balance on Plaintiff's house worth $80,000 (*i.e.* the amount of equity Plaintiff and her husband have in their house). (Doc. 6).

Plaintiff was afforded twenty (20) days from the date of the March 3, 2009 Order to file her Amended Complaint and the supplement to her Motion to Proceed *in forma pauperis*. Plaintiff was directed to file a comprehensive Amended Complaint setting forth her discrimination claims in short, concise, plain statements in sequentially numbered paragraphs. The Court stated that Plaintiff's Amended Complaint was to be a new pleading which stood by itself without reference

5

to the documents already filed, and that her Amended Complaint was to be complete in all respects. *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992). Plaintiff was also advised that her Amended Complaint should identify the claim asserted, the defendants implicated, and the precise actions of each defendant that allegedly violated her rights by discriminating against her. *See Biers v. Nicola* 860 F.Supp. 226, 236 (E.D. Pa. 1994) (affording *pro se* plaintiffs leave to amend an amended complaint, directing them to "file a comprehensive amended complaint which simply, concisely and directly states factual, not conclusory, averments of each Defendant's alleged violation(s) of Plaintiff's civil rights."); *Meekins v. Colleran*, No. 3:CV 05 1394, 2005 WL 2133677, at * 1 (M.D. Pa. Sept. 1, 2005).

Additionally, this Court warned Plaintiff that her failure to comply with the March 3, 2009 Order, as specified above, would result in a recommendation of dismissal of this case. (Doc. 6).

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court*, . . ." (emphasis added). In the instant case, Plaintiff has failed to both prosecute her action and to comply with the Order of this Court by her failure to timely file her Amended Complaint and to file her supplement to her *in forma pauperis* Motion.

We shall recommend that this case be dismissed due to Plaintiff's failure to prosecute it and due to her failure to comply with this Court's Order. Plaintiff should be deemed as abandoning her action. *See McCray v. Dauphin Co. Prison*, 2007 WL 431886 (M.D. Pa); *Nelson v. Berbanier*, 2006 WL 2853968 (M.D. Pa.).

Since we find that Plaintiff's conduct clearly shows that she intended to abandon her case, we do not find that an analysis of the factors of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984), are required before recommending that this case be dismissed under Rule 41(b). *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer v. Beard*, 907 F. 2d 1424 (3d Cir. 1990)(the district court's requirement to perform an analysis under *Poulis* is obviated where Plaintiff's conduct is so egregious as to demonstrate an abandonment of his case).

As mentioned, our Plaintiff has taken no action with respect to her case since February 27, 2009, over five weeks ago. The behavior of Plaintiff constitutes a wilful failure to prosecute her case, as opposed to a situation in which she has had problems in pursuing her case but made efforts to comply with this Court's March 3, 2009 Order. We find that Plaintiff's "behavior has been so egregious as to make self-evident the factual findings and analysis [of the *Poulis* factors]." *Williams v. Kort*, 223 Fed. Appx. 95, 103 (3d Cir. 2007). Plaintiff has been previously notified of the consequences if she failed to prosecute her case, namely, we would recommend that her case be dismissed. (Doc. 6).

In *Jackson v. Johnson*, 2006 WL 2136218, *1 (M.D. Pa.), the Court stated that "Fed. R. Civ. P. 41(b) allows for the dismissal of an action where the Plaintiff fails to prosecute or fails to comply with rules or orders of the court."

The *Jackson* Court also stated:

> the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984) [are analyzed] to determine whether dismissal of the action is appropriate in this case. The *Poulis* factors the Court should consider are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness;

7

> (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868.
>
> We agree with the Magistrate Judge's determination that the Plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis*, and that Plaintiff's failure to comply with the Order of May 30, 2006 indicates that the Plaintiff has abandoned this lawsuit. Her inaction points to no other logical conclusion.

*Id.*

Thus, out of an abundance of caution, we also analyze the *Poulis* factors. We find that Plaintiff's stated conduct in delaying her case to be attributable to her personally. Plaintiff was required to have filed her Amended Complaint and supplement to her *in forma pauperis* Motion by March 23, 2009. We *sua sponte* afforded Plaintiff additional time within which to comply with the March 3, 2009 Order. Plaintiff has filed nothing in response to the stated Order.

We find that Plaintiff has caused prejudice to Defendants since they have been named in a federal lawsuit and no action, including service of a proper pleading, has been made on them to date.

While Plaintiff does not yet have a significant history of dilatoriness in this case, her present conduct in failing to prosecute her case is nonetheless evidence of dilatoriness, especially since this case cannot proceed without her compliance of the March 3, 2009 Order.

Based on our discussion above, we find that the conduct of Plaintiff is wilful, especially since she has filed nothing with the Court in response to the March 3, 2009 Order, and she has not explained why she has failed to comply with the Order.

Plaintiff has been forewarned that her failure to comply with the March 3, 2009 Order would result in a recommendation that her case be dismissed. As stated, this case cannot proceed without Plaintiff's compliance of the March 3, 2009 Order. Since we will recommend that Plaintiff's case be dismissed without prejudice, and since Plaintiff has not paid the filing fee, we find that other sanctions would not be effective in this case.

As discussed above, we cannot ascertain the meritoriousness of Plaintiff's Title VII claim since her original pleading is largely deficient and difficult to comprehend. We do, however, note that the EEOC recently found no merit of Plaintiff's EEOC Charge against Burger King. (Doc. 5). There can be no determination if Defendants have a meritorious defense to Plaintiff's Title VII claims since they have not yet been served with a proper pleading in this case.

Thus, we find that the *Poulis* factors weigh in favor of dismissing this case without prejudice and that Plaintiff's failure to comply with the March 3, 2009 Order demonstrates she has abandoned her case.

### III. Recommendation.

Based on the foregoing, it is respectfully recommended that the action be dismissed without prejudice on the basis of Plaintiff's failure to comply with the Court's March 3, 2009 Order, and failure to timely file her Amended Complaint and supplement to her *in forma pauperis* Motion. It

is also recommended that Plaintiff's case be dismissed without prejudice on the basis of her failure to prosecute her action.

                    <u>s/ Thomas M. Blewitt</u>
                    **THOMAS M. BLEWITT**
                    **United States Magistrate Judge**

Dated: April 9, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GIAH JACQUELINE DeFRANCO LEININGER, | : | CIVIL ACTION NO. 1:CV-09-0289 |
| | : | |
| | : | (Judge Jones) |
| Plaintiff | : | |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| THE TWOTON INCORPORATED, et al., | : | |
| | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 9, 2009.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                              s/ Thomas M. Blewitt
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**

Dated: **April 9, 2009**